[Civ. No. 1334. Second Appellate District.—June 10, 1913.]

ELIZA JANE NICOLL, Appellant, v. CHARLES J. NICOLL et al., as Administrators with the Will Annexed of the Estate of John E. Nicoll, Deceased; DORA NICOLL et al., Minors, Respondents. ·

RESULTING TRUST—ACTION BY WIDOW TO ESTABLISH—EVIDENCE.—In an action to declare a trust in real property, brought by a widow against the personal representatives of her deceased husband, on the ground that she advanced the money with which to purchase the property under an agreement with him to convey to her after the acquisition of the property, the portion of a deposition of the plaintiff, so far as it relates to communications between her and her husband during marriage, is inadmissible under section 1881 of the Code of Civil Procedure, but she is not an improper witness under section 1880 of that Code.

ID.—TRUST RESULTING IN PROPERTY PURCHASED FROM WARDS.—A woman who advanced money to her husband with which to arrange with third persons to purchase real property from his wards and then convey it to him, cannot have a trust declared in her favor in the property thus acquired.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

G. L. Whitham, and E. S. Janes, for Appellant.

Chase, Overton & Lyman, for Respondents.

ALLEN, P. J.—The action was one to have a trust declared in certain premises described in the complaint, it being alleged in such complaint that plaintiff was the widow of John E. Nicoll, deceased; that in 1904 the defendants, minors, were the owners of the premises described, and at that time John E. Nicoll was their guardian; that said guardian effected an arrangement with one Frank P. Nicoll through which the guardian was to procure an order and confirmation of the sale of the wards' property to Frank P. Nicoll, upon the consummation of which said Frank P. Nicoll was to reconvey the premises to the guardian upon repayment of the amount of money expended by him in such purchase; that this arrangement was carried out. It is alleged that in order to raise the money with which to carry out the agreement plaintiff advanced of her own separate estate the sum of $258 with which to pay off a street assessment, a lien against said premises, and the further sum of three hundred dollars to reimburse Frank P. Nicoll for the amount of money expended by him in cash in the original purchase; that this money was advanced and paid by plaintiff to her husband under an arrangement and agreement that when he acquired the title through Frank P. Nicoll he was to convey the same to her in consideration of such advancements, which conveyance he thereafter refused to make; that he subsequently died and by his last will and testament devised the premises to the minor defendants. The allegations of the complaint were denied, and upon the trial the court found that the allegations of the complaint with reference to the acquirement of the premises by Frank P. Nicoll, and the contract with reference thereto, were true, but that it was not true that plaintiff advanced and paid any part of the purchase price under an agreement that the title thereto should be conveyed to her. Judgment was rendered accordingly for defendants, from which plaintiff appeals upon a bill of exceptions.

The only evidence in the record tending to show any agreement upon the part of the husband to convey the premises to plaintiff, or any facts from which a trust could arise in a proper case, came from a deposition of plaintiff. An objection to the introduction of this deposition was sustained by the court, and it is urged by appellant that this was error. We are of opinion that the court improperly rejected the deposition as an entirety. That portion thereof relating to communications between husband and wife during marriage was properly excluded under section 1881 of the Code of Civil Procedure, but the plaintiff was not an improper witness under section 1880 of the Code of Civil Procedure in an action of this character. However, the deposition appears in the record, and considering the same and that portion thereof which was improperly excluded, there is nothing in it tending to establish any agreement for the conveyance to plaintiff of the property by her husband, and no prejudice resulted from the exclusion of the deposition. It only tends to show that as to the amount of money appropriated by the husband for the payment of the street assessment, the same formed a part of a larger sum which plaintiff had intrusted to her husband and which he deposited in his own name and seems to have used at his own will and pleasure. As to the remainder of the purchase price, to wit: Three hundred dollars, paid to Frank P. Nicoll in adjustment of the amounts theretofore paid by him in the purchase, it is established that this money was the separate property of the plaintiff, but it further appears that the major portion of it consisted of a previous indebtedness of John E. Nicoll to Frank P. Nicoll. Conceding, however, the advancement of the entire three hundred dollars on account of the purchase price, there is nothing in the record which would justify a court in awarding to plaintiff the relief sought. From the admissions of her complaint, upon the receipt of the deed to the premises by the husband under his arrangement with the pretended purchaser, of which plaintiff had full knowledge, a constructive trust arose in favor of the minor children as beneficiaries, the bare legal title being in the husband. As such trustee he could not and had no authority to make an agreement of the kind and character specified, even were such agreement established; but the court finds that there was no agreement,

no advancement of this money pursuant thereto, and there is ample evidence in the record to sustain such finding.

Upon any theory of the case the judgment was right, and should be and is affirmed.

James, J., and Shaw, J., concurred.